1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE EUGENE CROSS,

11              Petitioner,                  No. CIV S-11-2292 GGH P

12        vs.

13   KAPLAN, Warden,

14              Respondent.                  ORDER

15   _____/

16             Examination of this action and the court's records reveals that the petitioner has

17   previously filed a petition for relief in the same matter.[1]  (No. CIV S-09-0488 LKK KJM.)

18   Petitioner concedes this point.  Petition, p. 2.  Although pursuant to Local Rule 190(d), if this

19   court were to retain jurisdiction of the above-captioned action it would be reassigned to the

20   district judge who considered the prior petition, Judge Mueller has subsequently been appointed

21   to the district court bench, therefore the undersigned retains assignment in this matter as the

22   magistrate judge.

23             As noted, petitioner himself acknowledges he has previously challenged the same

24   2003 Sacramento County Superior Court conviction for which he was sentenced to a term of 77

25

26        [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

years to life.  Petition, p. 2.  The prior petition (case no. CIV S-09-0488 LKK KJM) was

dismissed as untimely, judgment thereon entered on March 31, 2010; in addition the district court

declined to issue a certificate of appealability.  On appeal, petitioner was denied a certificate of

appealability by the Ninth Circuit, on February 28, 2011, for failure to file a timely notice of

appeal.

      "Before a second or successive application ...is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court

to consider the application."  28 U.S.C. § 2244(3)(A).  Under Ninth Circuit Rule 22-3, "[i]f a

second or successive petition or motion, or an application for leave to file such an application or

motion, is mistakenly submitted to the district court, the district court shall refer it to the court of

appeals."[2]

      Accordingly, IT IS ORDERED that the instant petition be transferred to the Ninth

Circuit Court of Appeals.

DATED: September 9, 2011

        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH:009
cros2292.scs+

---

[2] Although petitioner has neither paid the filing fee nor filed an in forma pauperis affidavit for a habeas application in this court, see 28 U.S.C. §§ 1914(a); 1915(a), no filing fee is required  in the Court of Appeals under Ninth Circuit Rule 22-3(a).